IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTOVO RODARTE,<br><br>    Petitioner,<br><br>  vs.<br><br>M.E. SPEARMAN, Warden,<br><br>    Respondent. | No. C 12-5340 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner is a California prisoner proceeding pro se, and he has filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the California Board of Prison Terms ("Board") to defer his next parole hearing for five years. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

Petitioner was convicted in 1985 of solicitation of murder and conspiracy to commit murder. He was sentenced to a term of 29 years to life in state prison. The Board found him unsuitable for parole in 2006 and again in 2011, and on both occasions, the Board set his next parole eligibility hearing for five years away. He challenged the 2011 decision unsuccessfully in all three levels of the California Courts. Here he challenges the 2011 decision to delay his next parole eligibility hearing for five years.

**DISCUSSION**

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

Petitioner claims that the decision to delay his next parole eligibility hearing, pursuant to "Marsy's Law" (Proposition 9) violates his rights under the Ex Post Facto Clause. When liberally construed, Petitioner's claim is sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the claim found cognizable above. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

|   |   |
|---|---|
| 1 | 3. Respondent may, within **ninety (90) days**, file a motion to dismiss on |
| 2 | procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to |
| 3 | Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, |
| 4 | Petitioner shall file with the Court and serve on Respondent an opposition or statement of |
| 5 | non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent |
| 6 | shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date |
| 7 | any opposition is filed. |

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: February 26, 2013

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO RODARTE,

    Plaintiff,

 v.

M.E. SPEARMAN et al,

    Defendant.
    _____/

Case Number: CV12-05340 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gustavo Rodarte C-72196
P.O. Box 689-YW-312
Soledad, CA 93960

Dated: February 26, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk