UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RODARTE,<br>　　Petitioner,<br>　v.<br>M.E. SPEARMAN,<br>　　Respondent. | Case No. 12-cv-05340-VC<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY** |

Gustavo Rodarte is a California state prisoner. He has filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging the decision of the California Board of Prison Terms ("Board") to defer his next parole hearing for five years. Respondent M.E. Spearman has filed a motion to dismiss the petition for failing to raise a federally cognizable habeas claim. Although given an opportunity, Rodarte did not file an opposition. The Court stayed this case pending the disposition of *Burnight v. Swarthout*, Case No. 11-16062 (9th Cir.), because the issues on appeal in *Burnight* were similar to Rodarte's claim. However, on April 30, 2015, the Ninth Circuit dismissed the appeal in *Burnight* as moot because the prisoner had been released on parole. Subsequently, this Court ordered the parties to file supplemental briefing in light of the Ninth Circuit's opinion in *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015). Spearman has filed his supplemental brief in support of the motion to dismiss. Rodarte did not file any opposition. The petition is dismissed because Rodarte has failed to state a federally cognizable habeas claim.

## BACKGROUND

Rodarte was convicted in 1985 of solicitation of murder and conspiracy to commit murder. He was sentenced to an indeterminate term of life in state prison. The Board found him unsuitable for parole in 2006 and again in 2011. On both occasions, the Board set Rodarte's next parole

1 eligibility hearing for five years away.  Rodarte challenged the Board's 2011 decision
2 unsuccessfully in all three levels of the state courts.

3       In the federal petition, Rodarte challenges the Board's 2011 decision to delay his next parole eligibility hearing for five years.  Specifically, Rodarte claims that the application of California's "Marsy's Law" (Proposition 9), which was passed in 2008 and which precipitated the delay in his hearing, violates his constitutional rights under the Ex Post Facto Clause.

**DISCUSSION**

      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'"  *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82).

      After the Supreme Court's decision in *Skinner*, the Ninth Circuit concluded that an inmate may bring a habeas action only if success on the claim would "necessarily spell speedier release."  *Nettles*, 788 F.3d at 1000.  Habeas relief is therefore proper when an inmate is seeking "termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody."  *Id.* at 1007.

      Here, Rodarte claims that the decision to delay his next parole eligibility hearing pursuant to Marsy's Law violated his rights under the Ex Post Facto Clause.  Prior to the passage of Marsy's Law, California Penal Code section 3041.5 provided for an initial parole hearing and annual subsequent parole eligibility hearings, but allowed for longer periods between parole hearings under certain conditions.  For example, the Board could schedule the next hearing two years (or five years for a prisoner convicted of murder) after a hearing at which parole was denied if the Board found it was not reasonable to expect that parole would be granted the following year.  *See* Cal. Penal Code § 3041.5(b)(2)(B) (West 2008).  In 2008, Marsy's Law amended section

3041.5 to lengthen the default periods for subsequent parole hearings for all prisoners to whom that section applied. As amended, section 3041.5 now provides for a subsequent parole hearing to be scheduled in 3 to 15 years. *See* Cal. Penal Code 3041.5(b)(3).

Even if Rodarte were to successfully litigate this claim, it would not "necessarily spell speedier release" from custody. *Nettles*, 788 F.3d at 1001. That is, success on this claim would not terminate Rodarte's custody, or necessarily accelerate the future date of his release from custody, or reduce his level of custody. *See id.* (citing *Skinner*, 131 S. Ct. at 1299 & n.13). The result would only be a more immediate opportunity to be found eligible for parole. *Nettles* concluded: "To the extent our cases have indicated that the writ of habeas corpus may extend to claims that, if successful, would merely be likely to or have the potential to lead to a speedier release, they are superseded by the Supreme Court's rulings." *Id.*

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The Court grants the motion to dismiss on the ground that the claim presented is not a federally cognizable habeas claim. The Court does not address Spearman's alternative argument the Court should decline to exercise jurisdiction because Rodarte is a member in a civil rights class action seeking the same relief.

2. The Court does not issue a certificate of appealability because jurists of reason would not find debatable whether this ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Clerk of the Court will issue a separate judgment, terminate all pending motions and close the file.

**IT IS SO ORDERED**.

Dated: August 14, 2015

_____
VINCE CHHABRIA
United States District Judge